UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **COUNCIL FOR OPPORTUNITY IN EDUCATION**,<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF EDUCATION and LINDA MCMAHON**,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 25-03514 (TSC)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Plaintiff Council for Opportunity in Education ("Plaintiff") and Defendants the U.S. Department of Education and the Secretary of Education ("Defendants") submit this Joint Status Report to the Court.

On September 30, 2025, Plaintiff filed this case ("**3514**" or "**TRIO**"), as well as a second related case against Defendants, along with a motion for preliminary injunction in each case. *See* ECF Nos. 1 - 3; *see* ECF Nos. 1 & 2, *Council for Opportunity in Education vs. U.S. Dep't of Educ., et al.*, No. 1:25-cv-03491-TSC (D.D.C.) ("**3491**" or "**SSS**").

The Court requested that counsel for the parties in both cases submit a Joint Status Report after they confer on a preferred briefing schedule on the motions, their availability for a hearing, and whether the cases should be consolidated. This Joint Status Report sets forth the parties' positions on these issues; a substantively identical version of this Report is being filed in each case.

1) <u>Briefing and Hearing Schedule</u>: The parties have conferred and agree to the following:

a.  Defendants will file a consolidated response to the motion in SSS and the motion in TRIO **on or before October 31, 2025**. Defendants will file the same consolidated response in each case.

b.  Plaintiff will file a reply brief in support of its motion in SSS and a separate reply in support of its motion in TRIO, no later than **14 days after Defendants' consolidated response to the motions**.

c.  Counsel for the parties are available to attend a single hearing on the motions in both cases **beginning November 17, 2025** and any date thereafter that is convenient to the Court.

2)  Consolidation: The parties' respective positions as to consolidation is below:

a.  Plaintiff: Plaintiff's position is that a determination to consolidate the cases is premature at this early stage, but Plaintiff ultimately defers to the Court's approach.

   The two cases are factually related in various respects, which Plaintiff acknowledges and is why Plaintiff designated the cases as "related." ECF No. 3. Plaintiff nonetheless filed the cases separately because the nature of several of Plaintiff's claims and certain relief that Plaintiff seeks is unique in each case. *See Singh v. McConville*, 187 F.Supp.3d 152, 155 (D.D.C. 2016) ("a related-case inquiry is separate and distinct from an inquiry regarding case consolidation, which mechanism provides courts with broad discretionary authority to consolidate actions involving 'a common question of law or fact.'") (quoting Fed. R. Civ. P. 42(a)).

   The SSS case pertains to the Defendants' denial of Plaintiff's members' applications for new Student Support Services (SSS) grant awards; SSS is one of several TRIO grant programs. Members applied for new SSS grants in 2024 in response to Defendants' 2024 notice of invitation to apply. Members' applications were evaluated and scored by peer reviewers, as adjusted by Defendants for any prior experience points, in early 2025. Defendants later denied the members' applications in July 2025. Plaintiff claims that the denial decisions were unlawful. Plaintiff seeks a preliminary injunction vacating the denial decisions, and directing Defendants to immediately reconsider the applications and to award new grants to members according to the scores they already earned on their applications, in accordance with the applicable laws and regulations, and the 2024 notice of invitation.

   The TRIO case pertains to the Department's discontinuation of other Plaintiff members' grants under all TRIO programs. Members successfully applied for new TRIO grants that Defendants awarded them between 2021 and 2024. Their TRIO grants were not scheduled to expire until 2026 or later. In summer 2025, Defendants discontinued members' grants. Plaintiff seeks a preliminary injunction vacating the

discontinuation decisions and directing Defendants to immediately reconsider its decisions according to the applicable laws and regulations.

The relevant laws, regulations, and processes for awarding new SSS grants (*see* 20 U.S.C. §§ 1070a-11 & 1070a-14; 34 C.F.R. 646 Subparts B & C) versus issuing continuation awards (*see* 34 C.F.R. 75.253) are different. Several of Plaintiff's claims in each case turn on the statutory and regulatory scheme applicable to each type of agency decision.

Other of Plaintiff's claims in both cases are substantially similar. Both cases allege Defendants' failure to comply with certain procedures under federal civil rights laws, which gives this Court clear jurisdiction over both cases. 42 U.S.C. § 2000d-2; 20 U.S.C. § 1683. Both cases also allege Defendants' failure to comply with notice-and-comment rulemaking procedures for grant-related rules under the General Education Provisions Act.

Plaintiff seeks an order in both cases directing Defendants to award Plaintiff's members prior experience points and to set the minimum base award amount for all future TRIO grant competitions at the same amount as members had earned under their 2024 awards. However, Plaintiff requests immediate injunctive relief in the TRIO case because two types of TRIO grants are scheduled to be in competition in 2026, whereas other TRIO grants (including SSS) are not in competition until 2027 or later.

Plaintiff notes that, in light of the federal government's position in other grant-related litigation, it anticipates Defendants asserting defenses, including jurisdictional defenses based on the Tucker Act, but Plaintiff's response will be unique in each case because the SSS case involves denials of new grant awards, while the TRIO case involves discontinuation of previously-existing grants.

In sum, although the cases are similar in some respects, they are different in other material ways. Although consolidation could achieve efficiencies, it could also risk conflating facts, laws, and issues. For now, Plaintiff does not oppose Defendants' planned consolidated response to the motions, and further, does not oppose the motions being heard during a single hearing. Plaintiff nevertheless asks that the Court reserve its determination on consolidation until after briefing and a hearing on the motions and/or after receiving a formal motion to consolidate by Defendants.

b. <u>Defendants</u>: Defendants' position is that the cases should be consolidated, and that briefing be omnibus briefing which will include the issues as they factually apply to: (1) the SSS application for new grants and (2) the TRIO programs (which includes the SSS program) discontinuation of grants.

Consolidation is generally appropriate where it "would promote convenience and judicial economy, simplify management of the cases, . . . facilitate global resolution of the . . . claims[,] and conserve judicial resources," *Steele v. United States*, No.

14-cv-1523, 2015 WL 4121607, at *2 (D.D.C. June 30, 2015), and, thus, "particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts," *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009). On the other hand, consolidation is not appropriate when "the parties at issue, the procedural posture and the allegations in each case are different." *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007).

Here, we have the same parties (COE and the Department of Education/Secretary of the Dept.); same issue (the federal TRIO programs and their discontinuation and/or denial of new grant applications for one of the TRIO programs but for the same fundamental reasons and Executive Order); and same procedural posture (both cases have only recently been filed).

While the regulatory scheme governing denials of applications for new grants (34 CFR 75.217 (a)) and the continuation of grants (34 CFR 75.253(a)) may be different the underlying overarching legal arguments are whether there is irreparable harm and the APA.

Dated: October 6, 2025
          Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/* [signature]
Jayna Marie Rust (D.C. Bar No. 998326)
1909 K Street N.W., Suite 600
Washington, D.C. 20006
(202) 585-6929
jrust@thompsoncoburn.com

Brandt P. Hill (*Pro hac vice* pending)
Lorrie L. Hargrove (*Pro hac vice* pending)
2311 Highland Avenue, Suite 330
Birmingham, Alabama 35205
(205) 769-4303
bhill@thompsoncoburn.com
lhargrove@thompsoncoburn.com

*Attorneys for the Council for Opportunity in Education*

By:     */s/ Heather Graham-Oliver*
HEATHER GRAHAM-OLIVER
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
(202) 252-2520
heather.graham-oliver@usdoj.gov

*Attorneys for the Department of Education*